UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM JOSPEH SCHIMANSKEY,<br><br>        Petitioner,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>        Respondent. | NO: CV-12-5154-EFS<br><br>**ORDER DISMISSING HABEAS ACTION AS UNTIMELY** |

Before the Court is Plaintiff William Joseph Schimanskey's First Amended Petition Under 28 U.S.C. § 3354 for Writ of Habeas Corpus ("Petition") filed February 11, 2013. ECF No. 7. Petitioner, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and has paid the full filing fee for this habeas action. He amended his Petition to properly name the Superintendent of the facility where he is incarcerated as Respondent. Nevertheless, he has failed to show that this habeas action is timely under 28 U.S.C. § 2244(d).

Petitioner challenges his 2006 Franklin County jury conviction for First Degree Robbery, for which he was sentenced to 175 months incarceration, including a 24-month deadly weapon enhancement. Petitioner indicates his judgment was affirmed on appeal and the

ORDER DISMISSING HABEAS ACTION AS UNTIMELY -- 1

Washington Supreme Court denied review on July 9, 2008. He did not seek *certiorari* in the U.S. Supreme Court.

As his sole ground for federal habeas relief, Petitioner asserts insufficiency of evidence. In support of this ground, he states, "the evidence was insufficient for any rational trier of fact to find the essential elements of the crime of first-degree robbery as a principal or an accomplice." ECF No. 7 at 5. Petitioner, however, presents no **facts** to support his claim as required by Rule 2(c)(2), Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Court has no basis on which to grant federal habeas relief.

Furthermore, Mr. Shimanskey presented no statutory or equitable basis to toll the running of the federal limitations period set forth in 28 U.S.C. § 2244(d). His contention that 28 U.S.C. § 2244(d) does not apply to claims of insufficiency of the evidence is factually and legally incorrect. Petitioner cites no authority for this contention, and the Court is not aware of any such authority. In the absence of precedential authority to the contrary, the limitations period of 28 U.S.C. § 2244(d)(1) applies to any claim raised in a petition filed under 28 U.S.C. § 2254. Because the federal limitations period expired in October 2009, the present federal habeas action, filed in November 2012, is time-barred.

Petitioner failed to demonstrate that he diligently pursued his rights and that extraordinary circumstances prevented him from timely filing his federal habeas petition. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). For the reasons set forth above and in the Court's

ORDER DISMISSING HABEAS ACTION AS UNTIMELY -- 2

previous Order, ECF No. 6, **IT IS ORDERED** this action is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**. The Clerk's Office shall file this Order, enter judgment, and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this     22nd      day of March 2013.

```
         s/ Edward F. Shea
          EDWARD F. SHEA
     Senior United States District Judge
```

Q:\EFS\Civil\2012\prisoner12cv5154efs-3-21-13-hcdis.docx

ORDER DISMISSING HABEAS ACTION AS UNTIMELY -- 3